[No. F032185. Fifth Dist. Mar. 5, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
FREDERICK D. WESTLUND, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts A, B, C, part 1 of section D, E, F, G, H, I, J and K of the Discussion.

**COUNSEL**

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Louis M. Vasquez and Robert P. Whitlock, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ARDAIZ, P. J.**—In October 1996, Frederick D. Westlund was charged in a five-count information with possession of a cane knife (Pen. Code, § 12020, subd. (a));[1] possession of a silencer for firearms (§ 12520); possession of a destructive device (§ 12303); possession of a substance or material, or combination of substances or materials with the intent to make a destructive or explosive device (§ 12312); and being a felon in possession of a firearm (§ 12021, subd. (a)(1).) Two prior serious felony convictions were alleged within the meaning of section 667, subdivisions (b) through (i), as well as three prior prison term enhancements within the meaning of 667.5, subdivision (b). Appellant entered pleas of not guilty and denied the prior convictions and prison term allegations. Trial commenced on October 10, 1997, and an amended information was filed October 27, 1997, adding one additional prior serious felony conviction and three additional prior prison term enhancements. On October 15, 1997, appellant pled guilty to all counts and admitted the priors. The court indicated a sentence of 25 years to life. On February 5, 1998, over objection by the district attorney, appellant withdrew his guilty plea.

The matter was tried again before a jury beginning October 21, 1998. Appellant stipulated to being an ex-felon as to count V, and the People voluntarily dismissed count III (possession of a destructive device). During trial, the trial court granted appellant's motion to dismiss count I (possession of a cane knife). On October 22 a jury convicted appellant of the three remaining counts. At a bifurcated trial on his prior convictions, the trial court found appellant had been convicted of three prior serious felony crimes and that he had served five prison terms.

On November 20, 1998, the trial court sentenced appellant to three consecutive terms of 25 to life, plus five additional one-year terms for the prior prison enhancements. Appellant timely appeals, and claims: (1) insufficient evidence supports a conviction for possession of a material or substance with intent to make explosives; (2) the trial court erred in its instructions by not providing definitions of the words "material" and "substance" for the jury; (3) the trial court incorrectly allowed the prosecution to pursue a legally incorrect theory of guilt regarding a "destructive device;" (4) the trial court erroneously failed to instruct the jury that "knowledge of presence" and "knowledge of nature" are essential elements of the offense of possession of a silencer; (5) the trial court erroneously admitted irrelevant and prejudicial evidence of the statement of a confidential informant; (6) the trial court erroneously gave CALJIC No. 2.03, the consciousness of guilt

---

[1]All further statutory references are to the Penal Code unless otherwise noted.

instruction; (7) his three prior Florida convictions do not qualify as strikes under the "Three Strikes" law; (8) the trial court erred in imposing a sentence in excess of the indicated sentence after a trial on the merits; (9) the trial court erred in imposing multiple prison term enhancements for a prison term served as one block of time; (10) the trial court erroneously determined appellant had no right to collaterally attack his prior convictions on *Boykin-Tahl*[2] grounds; and (11) there is an error in the abstract of judgment.

Respondent concedes error as to the qualification of the 1978 Florida burglary as a prior conviction, that one of the one-year prior prison term enhancements must be stricken, and that the abstract of judgment should be amended. In all other respects, respondent argues appellant's claims are without merit. For the reasons set forth below, we reverse two of the findings on prior convictions and reverse the trial court's determination that appellant could not collaterally attack his prior convictions on *Boykin-Tahl* grounds. We remand for retrial or hearing on these issues. We also strike one of appellant's prior prison term enhancements and order the abstract of judgment corrected. In all other respects we affirm.

## FACTS

On August 21, 1996, appellant was arrested on charges of driving on a suspended license and appellant's residence was searched pursuant to an unrelated narcotics warrant. At the time of his arrest, appellant lied to the arresting officer and identified, himself as Richard Morgan. The arresting officer knew appellant's actual identity, and appellant's keys were seized incident to his arrest and used to access his apartment to execute the search warrant.

Clovis Police Officer David Smith assisted in the search of appellant's apartment. Officer Smith searched the kitchen and pantry area of the apartment and, using one of the keys obtained from appellant, unlocked a pantry door and discovered two ammunition canisters. One of the canisters was sealed with a mercury switch attached to its top. Upon discovery of the sealed ammunition canister, Officer Smith requested that his supervisor call to have the bomb squad make the area safe. Once the bomb squad secured the area, Officer Smith further examined the pantry and discovered: a mouse trap that had been altered to hold a 20-gauge shotgun shell; monofiliment fishing line attached to a small material fob; several empty carbon dioxide cartridges; a black electronic device with wires coming out of it and the word "timer" printed on it; initiating fuses; a glass jar containing grayish

---

[2]*Boykin v. Alabama* (1969) 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274] (*Boykin*) and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449] (*Tahl*).

powder; an army technical manual "how to" book for making incendiary devices; and a soldering gun. The pantry also held containers of long and short rifle .22-caliber bullets. Officer Smith testified that short .22-caliber rounds are used in weapons with silencers because they are more quiet than a long rifle round.

Also discovered in the apartment were a .22-caliber rifle with a small appliance muffler attached to the barrel, which Officer Smith opined was utilized as a silencer; a cane with a hidden ice pick in it; and a mousetrap device. A Stevens single-shot shotgun was found in the bedroom, and on the back patio the police found a telephone book with numerous holes in it and .22-caliber bullets around it.

The prosecutor presented expert testimony that the grayish powder was flash powder, and that an empty carbon dioxide cartridge, when combined with "some pyrotechnic or easily consumable material" and a fuse can be used to make a pipe bomb. The expert further testified that the mouse trap device found is an "antipersonnel device" designed to detonate a shotgun shell when activated. Monofiliment fishing line can be used to activate such devices. The expert ultimately opined that all of the property seized in this case was possessed to manufacture and possess explosive devices.

After receiving Miranda[3] warnings following his arrest, appellant maintained that he knew about the materials in his apartment but that he was holding them for someone else. At trial, the defense rested without presenting any evidence.

## DISCUSSION

A.-C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

D.   Are "Knowledge of Presence" and "Knowledge of Nature" Elements of Possession of Silencer?

Appellant next maintains that the jury was incorrectly instructed regarding the elements of the offense of possessing a silencer. Specifically, appellant argues that the jury instruction improperly excluded any instruction that in order to be convicted of possession of a silencer the jury had to find

---

[3]Miranda v. Arizona (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974].
*See footnote, ante, page 652.

appellant had both "knowledge of the presence" of the silencer and "knowledge of the nature" of the silencer.

Section 12520 provides: "Any person, firm or corporation who within this state possesses a silencer is guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state prison or by a fine not to exceed ten thousand dollars ($10,000) or by both." The jury was instructed that "In order to prove this crime, each of the elements must be proved: 1, a person possessed a silencer; and 2, the instrument was the kind commonly known as a silencer."

1. *Knowledge of Presence**

. . . . . . . . . . . . . . . . . . . . . . . . . .

2. *Knowledge of Nature*

Appellant's argument presents a question of first impression in California. No California court has determined whether possession of a silencer includes a "knowledge of nature" element of the offense (mens rea) or, alternatively, whether it is a "strict liability" crime requiring only possession of the offending item. The California Supreme Court recently addressed this issue as it relates to the Assault Weapons Control Act (AWCA), and concluded that illegal possession of an assault weapon requires knowledge of, or negligence in regard to, the facts making possession criminal. *(In re Jorge M.* (2000) 23 Cal.4th 866 [98 Cal.Rptr.2d 466, 4 P.3d 297] *(Jorge M.*).) In so doing, the court in many respects adopted the reasoning of the United States Supreme Court's decision in *Staples v. United States* (1994) 511 U.S. 600 [114 S.Ct. 1793, 128 L.Ed.2d 608], where the court held that under the federal National Firearms Act the government must prove as an element of the offense that the defendant knew his gun had the characteristics that brought it within the statutory definition making it illegal. In *Jorge M.*, however, our Supreme Court lessened the knowledge element by requiring the prosecution need only show the defendant knew *or should have known* of the illegal characteristics of the weapon. *(Jorge M., supra*, 23 Cal.4th at pp. 869-870.)

Section 12520 is not a part of the AWCA. However, the reasoning and analysis of *Jorge M.* compel the conclusion that, though not explicitly called for in the statute, section 12520 does require the People prove the defendant knew or should have known of the specific characteristics of the offending item making possession criminal. *(Jorge M., supra*, 23 Cal.4th at p. 887.) To

*See footnote, *ante*, page 652.

hold otherwise would require us to find that possession of a silencer is a public welfare offense for which the Legislature intended guilt without proof of scienter. (*Jorge M., supra*, 23 Cal.4th at p. 872.) Several factors preclude that conclusion. First, that the statute does not contain language indicating specific knowledge does not mean the Legislature intended to depart from the general rule of requiring mens rea for crimes. (See *Staples v. United States, supra*, 511 U.S. at p. 619 [114 S.Ct. at p. 1804].) Additionally, as appellant correctly points out, "in every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence." (§ 20.) Respondent urges that the possession of a silencer qualifies as a public welfare offense, thus falling within a well-recognized exception of this general rule mandating the prosecution establish mens rea. However, the United States Supreme Court has emphasized that felony offenses which bear harsh punishment are not the type of "public welfare" offenses for which courts will readily dispense with the mens rea requirement when construing a statute. (*Staples v. United States, supra*, 511 U.S. at pp. 616-617 [114 S.Ct. at pp. 1802-1803]; *People v. Simon* (1995) 9 Cal.4th 493, 520, fn. 17 [37 Cal.Rptr.2d 278, 886 P.2d 1271].) Violation of section 12520 is punishable as a felony calling for imprisonment and/or a fine up to $10,000.

That said, the court in *Jorge M.* was concerned with thwarting the effective enforcement of the law by requiring proof of a mental state the prosecution would routinely have difficulty proving. (*Jorge M., supra*, 23 Cal.4th at p. 885.) Mindful of this concern, the court established a "knew-or-should-have-known" requirement for knowledge. (*Ibid.*) In setting up such a standard, the court sought to prevent defendants from avoiding prosecution simply by blindly refusing to educate themselves and claiming ignorance about the characteristics of their weapons. (*Jorge M., supra*, 23 Cal.4th at p. 888.) Thus, the court established a standard by which a defendant could be guilty of violation of the statute if the prosecution showed the defendant knew or should have known the nature of the weapon that made it illegal. We see nothing about section 12520 that would justify a mens rea requirement different from that set forth in *Jorge M.*

Thus, we hold that as set forth in *Jorge M.*, the trial court erred in not instructing the jury that in order to find appellant guilty of violating section 12520 they must find that appellant had or should have had knowledge of the characteristics of the weapon (here, the silencer) that made it illegal to possess.[6] Having established error, we turn to the effect of the error in this case.

---

[6]This conclusion is consistent with federal decisions requiring mens rea be established for possession of a silencer under federal law following *Staples.* (*U.S. v. Rogers* (11th Cir. 1996) 94 F.3d 1519; *U.S. v. Thompson* (9th Cir. 1996) 82 F.3d 849.)

Appellant urges because the jury was not instructed on the "knowledge of nature" element that reversal is required. Respondent counters that any error is harmless. ■ The failure to instruct on an element of an offense violates the right to a jury trial. It " 'infringe[s] upon the jury's fact finding role and affect[s] the jury's deliberative process.' " (*People v. Cox* (2000) 23 Cal.4th 665, 677, fn. 6 [97 Cal.Rptr.2d 647, 2 P.3d 1189].) Such an error is subject to review under the Chapman standard. The harmless error test inquires, " 'Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?' " (*Ibid.*)

■ On this record we can conclude that, if instructed properly, a reasonable jury would have concluded appellant knew or should have known of the nature of the silencer. Though appellant did not testify at trial, evidence was introduced that appellant knew that the weapon had a silencer. Detective Harris testified that appellant, when asked whether or not he had a silencer permit, responded: "That he did, but, again, that it did not belong to him." This testimony belies appellant's contention on appeal that "it is clearly possible appellant could have been unaware of the presence of the silencer affixed to [the rifle]." To the contrary, even assuming the jury believed the firearm belonged to appellant's friend as he claimed, the statutory elements for a violation of section 12520, including knowledge, are still established by the evidence presented. Additionally, as stated in *Jorge M.*, a person who has substantial and unhindered possession of firearms would be expected to know that the item in question here was a silencer. (*Jorge M.*, *supra*, 23 Cal.4th at p. 888.) The facts in this case show appellant had substantial and unhindered access to the weapons in his apartment and locked in the pantry, as a key to the pantry lock was found on appellant's person.

Appellant attempts to minimize the conclusive nature of the evidence establishing appellant's awareness of the presence and nature of the silencer by arguing that the statement merely showed appellant knew there was a *permit* for a silencer, apparently contending that knowing a permit exists is not evidence of knowledge of what a silencer is. That is a strained interpretation of the evidence, especially in light of the evidence that keys which opened the pantry were in appellant's pocket when arrested, as well as the fact that the weapons found in the pantry were not the only weapons in the apartment, and circumstantial evidence that shots were fired into a telephone book on the back patio. With such strong evidence that appellant had weapons with him in the apartment where he lived, and his statement that he had a silencer permit but that it did not belong to him, we are satisfied that it is clear beyond a reasonable doubt the jury would have found him guilty even if instructed that it had to find appellant knew or should have known of the characteristics of the silencer.

E.-K.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The findings as to appellant's prior burglary and robbery convictions are reversed and remanded for a new trial as to those two prior convictions. The findings as to the aggravated battery conviction are remanded for a determination of appellant's right to collaterally attack his prior convictions on *Boykin-Tahl* grounds, and a hearing on the same if appropriate. For the reasons stated herein, the trial court is directed to strike one of the prior prison term enhancements and correct the abstract of judgment. In all other respects, the judgment is affirmed

Dibiaso, J., and Cornell, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 13, 2001. Baxter, J., did not participate therein.

---

*See footnote, *ante,* page 652.